```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
CHRISTIAN LEONHARDT,                          :     CASE NO. 1:15-CV-02507
                                              :
            Plaintiff,                        :
                                              :
vs.                                           :     OPINION & ORDER
                                              :     [Resolving Doc. No. 3]
SERGEANT ROBERT STROLLO, et al.,              :
                                              :
            Defendants.                       :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Christian Leonhardt brings this suit under 42 U.S.C. § 1983 against two Cleveland police officers and the City of Cleveland.[1] His claims arise from a November 16, 2013, incident at the Crazy Horse Men's Club in Cleveland, Ohio.[2] Plaintiff alleges that Defendant Officer Strollo asked Plaintiff to leave the club and then "advised an employee of Crazy Horse Men's Club to attack Plaintiff."[3] Plaintiff also alleges that Defendant Strollo attacked him. Plaintiff was subsequently arrested, and charged with disorderly conduct, domestic violence, arrest, and menacing.[4] These claims were ultimately dismissed by the prosecution.[5]

Plaintiff also makes allegations against the City of Cleveland. Plaintiff alleges that "on information and belief, Defendant City of Cleveland failed to adequately and properly supervise

---

[1] Doc. 1-1.
[2] Doc. 1-1.
[3] *Id.* at ¶¶ 6-7.
[4] *Id.* at ¶¶ 10-20.
[5] *Id.*

Case No. 1:15-CV-02507
Gwin, J.

Cleveland Police Officers."[6] In particular, Plaintiff states that "Defendant City of Cleveland implemented customs and policies for training and supervision of Cleveland police officers on the use of force, warrantless, lawful arrests and criminal prosecution . . . that, on their face, violate the Fourth and Fourteenth Amendment."[7] In addition, "as a direct and proximate result of Defendant City of Cleveland's customs and policies described herein. . . Plaintiff sustained economic and non-economic damages."[8]

Defendant City of Cleveland moves to dismiss the § 1983 claim against it, arguing that the complaint fails to state a claim for which relief can be granted.[9] Plaintiff opposes.[10]

For the following reasons, the Court **DENIES** Defendant City of Cleveland's motion to dismiss.

### I. Legal Standard

*A. Motion to Dismiss Standard*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[11] The plausibility requirement is not a "probability requirement."[12] The Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[13]

---

[6] *Id.* at ¶ 61.
[7] *Id.* at ¶ 63.
[8] *Id.* at ¶ 64.
[9] Doc 3.
[10] Doc 7. Defendant City filed a reply brief.  Doc. 8.
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[12] *Id.*
[13] *Id.*

Case No. 1:15-CV-02507
Gwin, J.

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief."[14] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[15] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[16]

*B.* Monell *claims*

To seek relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing that he was deprived of a right secured by the Constitution or law of the United States by a person acting under color of law. A municipality is a "person" for the purposes of § 1983.[17] However, a municipality is only liable when its own policy or custom causes the injury.[18]

A plaintiff can prove a municipality's improper policy or custom by showing a policy of inadequate training or inadequate supervision.[19] To succeed with an inadequate training claim, a plaintiff must prove: "(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was

---

[14] Fed.R.Civ.P. 8(a)(2).
[15] *Iqbal,* 556 U.S. at 678–79 (citations omitted).
[16] *Id.*
[17] *Monell v. Dep't of Social Servs. Of City of N.Y.*, 436 U.S. 658 at 690 (1978)
[18] *Id.* at 691. By contrast, a municipality is not liable for the acts of its employees under a theory of respondeat suprior. *Id.*
[19] *Harris,* 489 U.S. at 388; *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005).

Case No. 1:15-CV-02507
Gwin, J.

closely related to or actually caused the injury."[20]

However, to survive a motion to dismiss, a party is not required to prove his claim. Rather, the question is whether the claim is sufficiently pled. The Sixth Circuit has held that for a § 1983 claim against a municipality to survive a motion to dismiss, "a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen."[21]

## II. Analysis

The § 1983 claim against the city survives Defendant City of Cleveland's motion to dismiss.

Plaintiff has identified violations of federal rights: namely the Fourth and Fourteenth Amendment's protections against warrantless arrest and malicious prosecution. Plaintiff's complaint identifies the City's actions in training and supervising the officers, which are actions taken under the color of state law. And the Complaint alleges that the City's actions were the "direct and proximate cause" of the violations.

Defendant City of Cleveland's citations to the contrary are not persuasive. They point to cases that looked to the substantive *Monell* claim, rather than the pleading standard as recently articulated by the Sixth Circuit.

---

[20] *Ellis* ex rel. *Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).
[21] *Bright v. Gallia County, Ohio*, 753 F.3d 639, 660 (6th Cir. 2014).

-5-

Case No. 1:15-CV-02507
Gwin, J.

    The Court **DENIES** Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: January 12, 2016　　　　　　　　　　　s/     *James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE