UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
:
CHRISTIAN LEONHARDT, : Case No. 1:15-CV-2507
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 5]
SERGEANT ROBERT STROLLO, et al., :
:
Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Christian Leonhardt sues two Cleveland police officers and the City of Cleveland under 42 U.S.C. § 1983.[1] His claims arise from a November 16, 2013 incident at the Crazy Horse Men's Club in Cleveland, Ohio.[2]

With his complaint, Plaintiff alleges that Defendant Officer Strollo asked Plaintiff to leave the club and then "advised an employee of Crazy Horse Men's Club to attack Plaintiff."[3] Plaintiff also alleges that Defendant Strollo attacked him.[4] Plaintiff was subsequently arrested, and charged with disorderly conduct, domestic violence, arrest, and menacing.[5] These claims were ultimately dismissed by the prosecution.[6] A second officer, Defendant Reese, later

---

[1] Doc. 1-1. The City of Cleveland moved to dismiss. Doc. 3. The Court denied its motion. Doc. 11.
[2] Doc. 1-1.
[3] *Id.* at ¶¶ 6-7.
[4] *Id.* at ¶ 9
[5] *Id.* at ¶¶ 10-20.
[6] *Id.*

Case No. 1:15-CV-2507
Gwin, J.

presented other charges to the Cuyahoga County Persecutor in April 2015.[7]  These claims were also dismissed.[8]

Plaintiff alleges five causes of action against the Defendant Police Officers: Count 1, assault and battery against Officer Strollo; Count 2, Section 1983 claim for "False/Wrongful Arrest/Imprisonment" against Officer Strollo; Count 3, Section 1983 claim for "False/Wrongful Arrest/Imprisonment" against Officer Reese; Count 4, Section 1983 claim for malicious prosecution against Officer Strollo; Count 5, Section 1983 claim for malicious prosecution against Officer Reese.[9]

Defendant Officers move to dismiss all five causes of action, arguing that the assault and battery charge is untimely and that the Defendant Officers are entitled to qualified immunity on the other claims.[10]  Plaintiff opposes.[11]  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

**I. Background**

Plaintiff's complaint alleges that on November 16, 2013, Plaintiff was lawfully on the premises of the Crazy Horse Men's Club in Cleveland Ohio.[12]  Defendant Strollo arrived at the location for an unrelated incident.[13]  Plaintiff alleges that, "While outside of the establishment, Defendant Strollo advised an employee of Crazy Horse Men's Club to attack Plaintiff."[14]

---

[7] *Id.* at ¶ 36.
[8] *Id.* at ¶ 20.
[9] Doc. 1-1.
[10] Doc. 5.
[11] Doc. 15.  Defendants reply.  Doc. 14.
[12] Doc. 1-1. at ¶ 6.
[13] *Id.*
[14] *Id.* at ¶ 7.

-2-

Case No. 1:15-CV-2507
Gwin, J.

Plaintiff alleges that the Crazy Horse employee did attack him.[15] Plaintiff alleges that Defendant Strollo then violently, willfully, and maliciously kicked and/or punched Plaintiff.[16] Plaintiff alleges that the employee "falsely reported to Defendant Strollo that he was assaulted by Plaintiff."[17]

Plaintiff was placed under arrest.[18] On November 17, 2013, Plaintiff was charged in the Cleveland Municipal Court for disorderly conduct, domestic violence and assault ("the Municipal Court Charges").[19] On March 6, 2014, Judge Amanuella Groves granted the Prosecution's oral motion to dismiss the charges.[20]

On April 28, 2015, Plaintiff was charged in the Cuyahoga County Court of Common Pleas for three counts of menacing by stalking and one count of aggravated menacing ("the Common Pleas Charges").[21] Defendant officer Reese presented these charges to the Cuyahoga County Prosecutor's Office.[22] Plaintiff does not allege that Reese was involved in the November 16, 2013 incident, or how the Common Pleas Charges related to the earlier-dismissed Municipal Court charges. On July 30, 2015, Judge John Sutula granted the Prosecution's oral motion to dismiss the Common Pleas charges.[23]

---

[15] *Id*
[16] *Id.* at ¶¶ 8-9.
[17] *Id.* at ¶ 10.
[18] *Id.* at ¶ 12.
[19] *Id.* at ¶ 15.
[20] *Id.* at ¶ 17.
[21] *Id.* at ¶ 18.
[22] *Id.* at ¶ 36.
[23] *Id.* at ¶ 20.

-3-

Case No. 1:15-CV-2507
Gwin, J.

**II. Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[24] The plausibility requirement is not a "probability requirement."[25] The Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[26]

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a complaint "contain ... a short plain statement of the claim showing that the pleader is entitled to relief."[27] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[28] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[29]

**III. Discussion**

*A. Count 1: Assault and Battery*

The incident at the Crazy House Men's Club happened on November 16, 2013.[30] The case was not filed until November 6, 2015.[31]

---

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[25] *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556).
[26] *Id.*
[27] Fed. R. Civ. P. 8(a)(2).
[28] *Iqbal*, 556 U.S. at 678–79 (citations omitted).
[29] *Id.*
[30] Doc. 1-1.
[31] Doc. 1-1.

-4-

Case No. 1:15-CV-2507
Gwin, J.

Defendants argue that Ohio Revised Code § 2305.111(B) gives a one-year statute of limitations for Plaintiff's assault and battery claim against Officer Strollo. Plaintiff responds that appropriate statute of limitations is two years and is found at Ohio Revised Code Section 2305.10(A).[32]

Under Ohio law, "when bodily injury results from negligence, the two-year statute of limitations, R.C. 2305.10, is the appropriate statute of limitations. However, when bodily injury results from an assault or battery, the one-year statute of limitations, R.C. 2305.111, is applicable."[33]

Defendants are correct that the one-year statute of limitations applies in this case. Plaintiff's claim for assault and battery were filed outside of the one-year statutory period. The Court **GRANTS** Defendants' motion to **DISMISS** Count 1.

*B. Qualified Immunity*

Plaintiff Leonhardt brings claims against Officers Reese and Strollo in their individual capacities under Section 1983 for "False/Wrongful Arrest/Imprisonment" and "Malicious Prosecution" in violation of the Fourth Amendment's protections.

In particular, Plaintiff alleges that Defendant Strollo lacked probable cause for his warrantless arrest of Plaintiff at the Crazy Horse Men's Club on November 16, 2013. Defendant responds that the later indictment in Municipal Court "conclusively determines the existence of probable cause."[34]

---

[32] Doc. 15 at 3-4.
[33] *Love v. City of Port Clinton*, 524 N.E.2d 166, 167 (Ohio 1988); *see also*, *Retuerto v. Berea Moving Storage & Logistics*, 38 N.E.3d 392 (Ohio Ct. App. 2015) ("R.C. 2305.111(B) provides that the statute of limitations for an intentional tort, such as assault and battery, is one year.").
[34] Doc. 5 at 6 (quoting *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)).

-5-

Case No. 1:15-CV-2507
Gwin, J.

Plaintiff responds that Defendant Reese lacked probable cause "to present charges to the Cuyahoga County Prosecutor's Office which resulted in the indictment of charges against Plaintiff on April 28, 2015."[35] Defendant also responds that the complaint is merely conclusory with respect to Officer Reese and that the Court of Common Pleas indictment proves the existence of probable cause.

Plaintiff alleges that Defendants Reese and Strollo lacked probable cause participate in the prosecution of Plaintiff. Defendants rely on their earlier arguments to say that probable cause did exist and that the charges for malicious prosecution must be dismissed.

The doctrine of qualified immunity holds that police officers, "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[36]

To determine whether qualified immunity applies, the Court uses a two-step analysis: "1) . . . we determine whether the allegations give rise to a constitutional violation; and 2) we assess whether the right was clearly established at the time of the incident."[37] To be "clearly established," the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[38]

This Court may exercise its discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."[39]

---

[35] Doc. 1-1 at ¶ 36.
[36] *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).
[37] *Coley v. Lucas Cnty., Ohio*, 799 F.3d 530, 537 (6th Cir. 2015) (quoting *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013)).
[38] *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).
[39] *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

-6-

Case No. 1:15-CV-2507
Gwin, J.

The Court addresses each of the Section 1983 claims in turn.

*Count 2, Section 1983 Claim for "False/Wrongful Arrest/Imprisonment" against Officer Strollo*

Leonhardt's false arrest and false imprisonment claims allege a violation of his constitutional right to be free from arrest without probable cause.[40] A false arrest or false imprisonment claim requires a plaintiff "to prove that the arresting officer lacked probable cause to arrest the plaintiff."[41] "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983."[42] But an officer may still be held liable under § 1983 for such claims, even in light of a facially valid warrant, "when evidence exists that [the officer] intentionally [misled] or

---

[40] *See generally Baker v. McCollan*, 443 U.S. 137, 142-43, 145-146 (1979).
[41] *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). There does not appear to be a consensus as to whether the underlying tort in Plaintiff's Section 1983 allegations are based in state or federal law. In more recent cases involving Section 1983 claims for false arrest, the Sixth Circuit has said that the *federal* law of false arrest is be used. *Sykes v. Anderson*, 625, F.3d 294, 305 (6th Cir. 2010) (quoting *Voyticky*, 12 F.3d at 677). However, the Defendant cites to other cases have indicated that state law is to be used instead. *Pierzynowski v. Police Dept. City of Detroit*, 941 F. Supp. 633, 642 (E.D. Mich. 1996) ("The elements of a state law tort of false arrest must be established to prove a constitutional violation [of the same] under 42 U.S.C. § 1983."); *see also Russo v. City of Bridgeport*, 479 F.3d 196, 203 (2d Cir. 2007) ("[I]n analyzing claims alleging the constitutional tort of false arrest, we have generally looked to the law of the state in which the arrest occurred.") (citations and internal quotation marks omitted). Indeed, Defendants emphasize that under Ohio law, Plaintiff's claim is properly construed as false arrest, and not false imprisonment. Doc. 5 at 5. This is likely correct if Ohio law is used. *See Ruble v. Escola*, 898 F. Supp. 2d 956, 982-83 (N.D. Ohio 2012). However, the distinction is moot. Under either approach the analysis boils down to the same question: did the Defendant Officers have probable cause.
[42] *Voyticky*, 12 F.3d at 677.

Case No. 1:15-CV-2507
Gwin, J.

intentionally omitted information at a probable cause hearing for an arrest . . . warrant provided that the misleading or omitted information is critical to the finding of probable cause."[43]

Similarly, a later indictment, "fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause."[44] However, a later indictment can also, *a fortiori*, be tainted by an officer who misleads the grand jury.

At the motion to dismiss stage, Defendants can only succeed with a qualified immunity defense if they can prove that the complaint fails to state, as a matter of law, a set of facts on which relief could be granted. In considering a motion to dismiss, the Court accepts Plaintiff's allegations as true for the purposes of this motion. Plaintiff here alleges Officer Strollo induced a third party to attack Plaintiff. Plaintiff alleges that Officer Strollo attacked Plaintiff. Plaintiff alleges that Plaintiff "was detained and held by Defendant Strollo, against his will and without lawful justification."[45] Plaintiff alleges that a later indictment was based upon false allegations that Plaintiff had acted improperly at the Men's Club.

Plaintiff's allegations are sufficient to withstand a defense of qualified immunity at this stage. Plaintiff's complaint – read liberally – alleges that Strollo knew he was arresting Plaintiff without probable cause. Strollo allegedly knew that the employee had begun the fight. The later indictment does not purge Strollo's actions as a matter of law, because Plaintiff alleges that Strollo continued to mislead others to obtain the indictment. Plaintiff has pled a set of facts under which

---

[43] *Id.* at 677 n.4*; see also* Sykes*, 625 F.3d at 305;* Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir.2003)* ("An investigator may be held liable under § 1983 for making material false statements either knowingly or in reckless disregard for the truth to establish probable cause for an arrest.").
[44] Barnes*, 449 F.3d at 716*.
[45] Doc. 1-1 at ¶ 29. The Complaint earlier states that Plaintiff was arrested by the "Cleveland Police." *Id.* at ¶ 13. The Court accepts as true Plaintiff's later allegations that it was Strollo who executed this arrest.

-8-

Case No. 1:15-CV-2507
Gwin, J.

Officer Strollo could have committed a constitutional violation. As a result, qualified immunity does not stop the claim at this point.

The Court **DENIES** Defendants' motion to dismiss as to Count 2.

*Count 3, Section 1983 Claim for "False/Wrongful Arrest/Imprisonment" against Officer Reese*

In Count 3, Plaintiff alleges "False/Wrongful Arrest/Imprisonment" for Defendant Reese's arrest of Plaintiff on May 12, 2015. Plaintiff alleges that "Defendant Reese lacked probable cause to present charges to the Cuyahoga County Prosecutor's Office which resulted in the indictment of charges against Plaintiff on April 28, 2015."[46] Plaintiff alleges that he was "detained and held, against his will and without lawful justification on May 12, 2015, through the time he was released after his arrest."[47]

The Complaint lacks any additional facts regarding Defendant Reese's actions. Unlike the charge against Defendant Strollo, Plaintiff pleads no facts, plausible or not, that would support an allegation that the Common Pleas charges lacked probable cause. Plaintiff's only statements as to Defendant Reese are conclusory at best. With no indication that the indictment was not "fair on its face," the indictment demonstrates that Reese had probable cause for the arrest. With probable cause, there is no underlying constitutional violation.

The Court **GRANTS** Defendants' motion to dismiss as to Count 3.

---

[46] *Id.* at ¶ 36.
[47] *Id.* at ¶ 37.

Case No. 1:15-CV-2507
Gwin, J.

*Count 4, Section 1983 Claim for Malicious Prosecution against Officer Strollo; Count 5, Section 1983 Claim for Malicious Prosecution against Officer Reese*

The "tort of malicious prosecution" is "entirely distinct" from that of false arrest, as the malicious-prosecution tort "remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process."[48] "To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment . . . . , the plaintiff must show that there was a lack of probable cause for the criminal prosecution."[49]

For the purposes of this case, the probable cause analysis under the malicious prosecution claims is same as under the false arrest and imprisonment claims.[50] Both claims are based on the same set of allegations stated in the complaint.

As a result, the Court concludes, as it did above, that Plaintiff has stated a claim against Officer Strollo based on the allegations of the complaint. However, there are no facts alleged against Officer Reese that can be the basis for a malicious prosecution claim.

The Court **DENIES** Defendants' motion to dismiss as to Count 4. The Court **GRANTS** Defendants' motion to dismiss as to Count 5.

---

[48] *Sykes*, 625 F.3d at 308 (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)).
[49] *Id.* (quoting *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)).
[50] Doc. 14 at 6.

Case No. 1:15-CV-2507
Gwin, J.

**IV. Conclusion**

The Court **GRANTS IN PART** and **DENIES IN PART** the Defendant Officers' motion to dismiss in accordance with this opinion.

IT IS SO ORDERED.


Dated: April 14, 2016               *s/       James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE